UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY FLOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV1008 HEA |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq* and Supplemental Security Income (SSI) under Title XVI, 42 U.S.C. §1381, *et seq*. For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's applications.

## Facts and Background

Plaintiff was 52 years old at the time of the hearing. He was trained as a lead custodian at the St. Louis Board of Education until 2008 when he was

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

terminated. The ALJ found Plaintiff had the impairments of: obesity and left knee degenerative joint disease.

At the December 22, 2009, hearing, Plaintiff testified that he is single and lives alone. Plaintiff testified about having knee surgery and it is still painful from walking and stuff. (TR. p.37). He also testified he has high blood pressure and routinely high blood glucose levels. He is depressed and has problems sleeping as well. Plaintiff also noted some neuropathy in his fingers and toes. He can only stand for short periods and when he sits for long periods, his knees feel cramped.

A vocational expert also testified. The VE testified that Plaintiff could perform work that is limited to lifting 10 pounds frequently and 20 pounds occasionally; stand or walk for 6 hours out of eight 8 sit for 6 and occasionally climb stairs and ramps, never ropes, ladders, or scaffolds; occasionally stoop, kneel, and crouch; pushing and pulling with legs is limited to no constant use of foot controls on the left and no concentrated exposure to hazards. The VE testified there are jobs in St. Louis that satisfy these requirements. Additionally, the VE testified that with stricter limitations of 10 pounds occasionally and less than 10 pounds frequently, plaintiff could perform sedentary work which would entail standing and walking for 2 hours out of 8, sitting 6 hours out of 8, with the same additional limiting conditions. The VE testified there were jobs existing in the national economy which satisfied these conditions.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*., and XVI of the Act, 42 U.S.C. § 1381, *et seq*., was denied on March 12, 2009. On March 8, 2010, the ALJ issued an unfavorable decision. On April 12, 2011, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

**Standard For Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an

individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545

(a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611.  If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step.  *Id.*.  At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled.  *Moore*, 572 F.3d at 523.  At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy.  *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

### ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined

at Step One that Plaintiff had not engaged in substantial gainful activity since October 9, 2008, the alleged onset date of disability. At Step Two, the ALJ found that Plaintiff had the following severe impairments: obesity and left knee degenerative joint disease. The ALJ also noted that Plaintiff has obstructive sleep apnea, hypertension, non-insulin dependant diabetes mellitus, and depression, but the record did not indicate that Plaintiff experiences vocational limitations because of these impairments. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or equaled in severity of any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform unskilled light work except he should never need to climb ropes, ladders, and scaffolds, he should only occasionally need to climb stairs and ramps, stoop, kneel, crouch, or crawl, he is not able to make constant use of foot controls with his left foot and need s to avoid constant exposure to hazards of heights.

At Step Four, the ALJ determined that Plaintiff is unable to perform any past relevant work.

At Step Five, the ALJ consider Plaintiff's RFC, age, education, and work experience to determine that there are jobs that exist in the national economy that

Plaintiff can perform.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d

860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In his appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the ALJ failed to properly consider opinion evidence from Dr. Hannah, (2) The ALJ failed to consider all of Plaintiff's severe determinable impairments.

**RFC and Medical Evidence**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the

claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Here, the ALJ considered Plaintiffs impairments and did determine that they were indicative of limiting Plaintiff's ability to perform work. The ALJ determined that Plaintiff could only perform unskilled light work except he should never need to climb ropes, ladders, and scaffolds, he should only occasionally need to climb stairs and ramps, stoop, kneel, crouch, or crawl, he is not able to make constant use of foot controls with his left foot and need to avoid constant exposure to hazards of heights.

With respect to Plaintiff's argument that the ALJ did not give Dr. Hannah's opinion "any" weight, the record supports this conclusion. The opinion of Dr. Hannah is inconsistent with the medical evidence and history of Flowers. Dr. Hannah's conclusions were not supported by the medical record. Indeed, her opinions were base d on Plaintiff's complaints to her as opposed to medically supported evidence. The record also establishes that Plaintiff did not take pain medication for his alleged disabling pain and was noncompliant with his dealing with his diabetes.

Although Plaintiff argues that the ALJ failed to detail the weight given to Dr. Hannah, the record establishes that the ALJ limited Plaintiff's work abilities according to the medically supported limitations Plaintiff had and discounted Dr. Hannah's opinion because it was contrary tot he medical evidence

The ALJ's RFC finding is clearly based upon the record as a whole. The ALJ summarized Plaintiff's testimony regarding his limitations, the treatment notes regarding his impairments, the medical opinions in the record, Plaintiff's representations in his disability report, and the ALJ's credibility findings. The ALJ applied the proper standard to the facts before him and his determination of Plaintiff's RFC is supported by the record as a whole.

After careful review, the Court finds the ALJ's decision to discount many of Dr. Hannah's conclusions was appropriate. First, the ALJ correctly noted that she appeared to rely largely on Plaintiff's own subjective reports of symptoms and limitations. See *Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir.2007) ("ALJ was entitled to give less weight to [physician's ] opinion, because it was based largely on [claimant's] subjective complaints rather than on objective medical evidence.") The ALJ was entitled to discount the conclusions of Dr. Hannah. *McDade v. Astrue*, 720 F.3d 994, 999 (8th Cir.2013).

## Conclusion

After careful examination of the record, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 23rd day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE